UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ronald Satish Emrit, )
)
        Plaintiff, )
) **Case: 1:17-cv-00173 (F Deck)**
v. ) **Assigned To : Unassigned**
) **Assign. Date : 1/27/2017**
Holland & Knight *et al.*, ) **Description: Pro Se Gen. Civil**
)
)
        Defendants. )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* (IFP). Under the statute governing *in forma pauperis* proceedings, the Court is required to dismiss a case "at any time" it determines that the action, among other grounds, fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

The plaintiff resides in Las Vegas, Nevada. He has sued four defendants based in the District of Columbia, including Holland & Knight, LLP and the D.C. Bar, for $45 million. The complaint arises from an alleged breach of a contract that the plaintiff allegedly formed in 2005 with defendants Thomas Hart and On The Potomac Productions or On The Potomac, Inc.

In a diversity action, such as here, "this court must look to local law for the applicable statute of limitations." *Kuwait Airways Corp. v. Am. Sec. Bank, N.A.*, 890 F.2d 456, 460 (D.C. Cir. 1989). Showing his awareness of the District's three-year statute of limitations for such claims, *see* D.C. Code § 12-301(7), the plaintiff "argues that the statute of limitations should be equitably tolled because of the fact that [he] did not previously know that he could bring forth

1

this cause of action as a pro se plaintiff appearing in forma pauperis." Compl. ¶ 4. The plaintiff does not state when he made that discovery, but the federal statutes permitting *pro se*, *in forma pauperis* actions have been in place since 1948. The plaintiff's excuse is further undermined by the fact that since accrual of the instant claims, he has appeared *pro se* in at least "eight cases in the District of Nevada since September 2014," *Emrit v. Soc. Sec. Admin.*, No. 2:14-CV-01760-GMN, 2015 WL 4597834, at *6 (D. Nev. July 29, 2015), and in one other civil action in this Court that included tort claims, *Emrit v. NIH*, 157 F. Supp. 3d 52 (D.D.C. 2016). Most, if not all, of the plaintiff's cases were permitted to proceed under the *in forma pauperis* statute. In addition, the District of Nevada found from "an online search of PACER" that since 2013, the plaintiff "has filed 73 cases in federal district courts and 49 appeals in federal circuit courts nationwide." *Emrit*, 2015 WL 4597834, at *7. In an order not binding here, the District of Nevada has declared the plaintiff a "vexatious litigant" and has placed restrictions on his ability to file a "complaint, petition, or other document in this court without first obtaining leave of this court." *Id.* at *2.

As applicable here, "a claim accrues from the point that 'a plaintiff has knowledge of the facts that constitute the cause of action, not when he attains knowledge of the legal significance of those facts.' " *Silvious v. Snapple Beverage Corp.*, 793 F. Supp. 2d 414, 418 (D.D.C. 2011) (quoting *Fleck v. Cablevision VII, Inc.*, 799 F. Supp. 187, 190 (D.D.C. 1992)). The instant claims arose from Hart's alleged breach of the contract. Nevertheless, as discussed next, the plaintiff has advanced different theories against each defendant, none of which survives the statute of limitations (or could survive a merits analysis).

1. <u>Defendant Hart d/b/a On The Potomac, Inc.</u>

It is difficult to pinpoint when the alleged breach occurred, if it occurred at all. The plaintiff alleges, for example, that "in the latter part of 2005," he paid defendant Hart, doing business as On The Potomac, Inc., approximately $1,500 to be introduced "to the hip hop artist . . . LL Cool J aka James Todd Smith." Compl. ¶ 17. He also alleges that the contract "was supposed to provide the plaintiff with 'artist development.'" *Id.* ¶ 19. The plaintiff admits that Hart "did provide some sort of 'artist development' for the plaintiff in the sense that [he] introduced the plaintiff to the producer . . . of Street Star Studios in Haymarket, VA." *Id.* ¶ 23. That producer, in turn, "produced and engineered" a reggae song "for the plaintiff." *Id.* ¶ 37. In addition, Hart allegedly "helped the plaintiff recover [a] retainer" paid to another firm that the plaintiff was able to use "to attend the Grammy Awards in February, 2006 with his then-publicist[.]" *Id.* ¶ 25.

2. <u>Defendant Holland & Knight</u>

The plaintiff has sued Holland & Knight because Hart allegedly worked at the law firm as a telecommunications lawyer at the relevant time period. *See* Compl. ¶ 20. The plaintiff seeks to hold the law firm "vicariously liable for [Hart's alleged] misfeasance, nonfeasance, and malfeasance[.]" Compl. ¶ 21. But the plaintiff admits that he "officially signed a contract with [Hart's company,] On The Potomac, Inc," *id.*, thereby foreclosing a basis of liability with respect to the firm. *See Jia Di Feng v. See-Lee Lim*, 786 F. Supp. 2d 96, 105 (D.D.C. 2011) (dismissing breach of contract claim against employer where "[p]laintiff [had] allege[d] no facts to suggest that she was acting within the scope of her alleged employment at the time she 'solicited [ ] immigration business'") (record citations omitted)).

3. <u>Defendant D.C. Bar</u>

At an unspecified time, the plaintiff allegedly filed a grievance against Hart with the D.C. Bar "due to the fact that . . . Hart . . . never officially introduced the plaintiff to LL Cool J at Love The Club/Dream[.]" *Id.* ¶ 32. The plaintiff's claim against the D.C. Bar is based on its alleged failure to reprimand Hart for the alleged breach. But the disciplining of attorneys admitted to the District of Columbia bar is the province of the D.C. Court of Appeals, over which this Court has no jurisdiction. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 464 (1983).

4. <u>The Timing of the Complaint</u>

Based on the plaintiff's factual allegations, and drawing all reasonable inferences in his favor, the Court finds that the alleged breach occurred in 2006 at the latest. Therefore, the plaintiff had until 2009 to file his claims. The Clerk of Court received this action on November 14, 2016. The plaintiff has asserted no credible reason to excuse his seven-year delay in bringing this action. Consequently, this case will be dismissed as barred by the statute of limitations. *See Araya v. Kessler*, No. 15-7021, 2015 WL 5210518, at *1 (D.C. Cir. Aug. 12, 2015) (per curiam) (noting that "the district court did not err in concluding *sua sponte* that any independent claim for breach of fiduciary duty would be time-barred by the three-year statute of limitations for such claims"). A separate Order accompanies this Memorandum Opinion.

/s/ *[signature]*
_____
Chief Judge

Date: January 24, 2017